UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                              )    Case No. 09-B-16986
                                    )    Chapter 11
TY MILES, INCORPORATED,             )
                                    )    Honorable Pamela Hollis
                  Debtor.           )

## FINAL CASH COLLATERAL ORDER

This matter came to be heard upon the motion ("*Motion*") of Ty Miles, Incorporated ("*Debtor*") for entry of a final order ("*Final Order*"), pursuant to 11 U.S.C. §§ 361 and 363 and Fed. R. Bank. P. 4001, authorizing Debtor to (a) use Cash Collateral[1] which secures obligations owing to First Chicago Bank & Trust ("*Bank*") subject to the terms and conditions set forth herein, and (b) provide adequate protection to Bank; and upon the proceedings held before the Court at the interim hearing; and good and sufficient cause appearing therefor,

## THE COURT HEREBY FINDS:

A.   On May 10, 2009 ("*Petition Date*"), Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. Debtor purports to operate its business and manage its properties as a debtor-in-possession. No request has been made for the appointment of a trustee or examiner and no statutory committees have been appointed in this case.

B.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.   Pursuant to that certain Business Loan Agreement dated as of January 1, 2007 between Debtor and Bank (as amended, "*Loan Agreement*," and together with certain other documents, promissory notes, instruments and agreements executed by Debtor pursuant thereto

---

[1] Capitalized terms used herein but not defined herein shall have the meanings ascribed to them in the Motion.

or in connection therewith, "*Loan Documents*"), Bank made loans to, and other financial accommodations to or for the benefit of, Debtor ("*Loans*").

D. The Debtor stipulates that all obligations and liabilities of Debtor to Bank, whether under the Loan Documents or otherwise, are secured by valid, perfected, first-priority liens upon and security interests in and to all of Debtor's property and assets, including without limitation, all of Debtor's now existing or hereafter acquired accounts receivable, general intangibles, inventory, machinery, equipment, instruments, investment property, letter of credit rights and chattel paper, and all proceeds thereof (all as more fully described in the Loan Documents, "*Collateral*").

E. The Debtor stipulates that all cash of Debtor wherever located on the Petition Date represents either proceeds of Loans or proceeds of Collateral. Pursuant to 11 U.S.C. § 552(b), Bank has valid, perfected, first-priority liens upon and security interests in and to all Cash Collateral of Debtor, and these funds, along with the proceeds of the Collateral, constitute "cash collateral" within the meaning of 11 U.S.C. § 363(a).

F. As of the Petition Date, Debtor was indebted to Bank by reason of the Loans and under the Loan Documents in the approximate amount of $226,582 (together with the continued accrual of interest and costs, including attorneys fees, "*Indebtedness*"). The Indebtedness constitutes a legal, valid, and binding obligation of Debtor, enforceable in accordance with its terms, and no portion of the Indebtedness is subject to avoidance pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

G. On June 18, 2009, this Court entered that certain Interim Cash Collateral Order (D.I. 38) ("*Interim Order*") so that Debtor could use Cash Collateral, pursuant to the terms of the

2

Interim Order, on a short-term emergency basis to continue the operation of its business and to permit Debtor to attempt an orderly liquidation or reorganization.

H. A continuing, immediate and critical need exists for Debtor to be permitted access to funds in order to prevent further dissipation of the business and to permit Debtor to attempt to achieve an orderly liquidation or reorganization.

I. Pursuant to the Bankruptcy Code and in light of the foregoing, Debtor is required to provide adequate protection to Bank in respect of Debtor's use of the Collateral and Cash Collateral.

J. Debtor has requested immediate entry of this Final Order pursuant to Fed. R. Bankr. P. 4001(b)(2). Notice of the Final Hearing on this Motion was proper and sufficient under Fed. Bankr. R. P. 4001 and no other notice need be given.

## NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. <u>Use of Cash Collateral</u>. Debtor is hereby authorized to use Cash Collateral and to perform its obligations hereunder in accordance with, and subject to, the terms of this Final Order and the budget ("*Budget*") attached hereto as **Exhibit A**. Notwithstanding any relief granted in any other order entered by the Court, but subject to the terms and conditions of this Final Order, Debtor shall not make any expenditures authorized by this Final Order unless, and to the extent that, such expenditures are encompassed and expressly included in the Budget. The Loan Documents are hereby ratified and affirmed except to the extent modified by the terms of this Final Order.

2. <u>Receipt of Payments and Proceeds</u>. Payments or proceeds remitted, or deemed to be remitted, to Bank pursuant to the Budget or otherwise, shall be received, or deemed received, by Bank free and clear of any claim, charge, assessment, or other liability including, without

3

limitation, any such claim or charge arising out of or based on 11 U.S.C. § 552(b), whether directly or indirectly, all of which are hereby waived by Debtor. Any and all amounts paid to Bank shall be applied to the Indebtedness in the manner set forth in the Loan Documents.

3. <u>Replacement Liens</u>. As further adequate protection for Bank's interest in and to the Collateral, including adequate protection against the diminution of the value of the Collateral resulting from Debtor's use, sale, or lease of the Collateral and the Cash Collateral, Debtor is hereby granted valid, binding, enforceable, and perfected security interests in and liens upon all of the Collateral and currently owned or hereafter acquired property and assets of Debtor of any kind or nature, whether real or personal, tangible or intangible, wherever located, now owned or hereafter acquired or arising, and all proceeds, products, rents, and profits thereof ("*Adequate Protection Liens*"), to secure the Indebtedness and the amount of Indebtedness equal to the aggregate diminution, if any, subsequent to the Petition Date, in value of the Collateral, whether by depreciation, use, sale, loss, decline in market price, preservation or disposition of assets of Debtor that do not constitute Collateral, imposition of the automatic stay, or otherwise ("*Adequate Protection Obligations*"). The liens granted herein shall not be subject to any liens which are avoided and preserved for the benefit of Debtor's estate under 11 U.S.C. § 551, and shall not be subordinated to or made *pari passu* with any other lien under 11 U.S.C. § 364(d) or otherwise. To the extent that the adequate protection provided herein proves inadequate, Bank shall be deemed to have a claim with priority over all other administrative claims and expenses as provided in 11 U.S.C. § 507(b).

4. <u>Priority of Adequate Protection Obligations</u>. The Adequate Protection Obligations shall have priority over all administrative expenses of the kind specified in 11 U.S.C. §§ 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546(c), or 726 ("*Superpriority*"). No

costs or administrative expenses which have been or may be incurred in this chapter 11 case, in any conversion of this case pursuant to 11 U.S.C. § 1112 of the Bankruptcy Code, or in any other proceeding related thereto, and no priority claims, including, without limitation, any other Superpriority claims, are or will be prior to or on a parity with the claims of Bank against Debtor arising as a result of the Adequate Protection Obligations, arising under any provision of this Final Order or the liens granted herein, or arising under the Loan Documents.

5.      Restrictions on Use of Proceeds. At all times, the proceeds of the Collateral and Cash Collateral shall not, directly or indirectly, be used to pay any expenses, payments, and/or disbursements of Debtor except for those line items which are then due, expressly permitted under the Budget or this Final Order, and in such amounts as identified in the Budget and/or this Final Order. With respect to expenditures for the production of new finished goods, Debtor is only authorized to purchase budgeted materials and pay other budgeted operational expenses associated therewith to fill confirmed purchase orders from entities which have no outstanding indebtedness to Debtor. The surcharge provisions of 11 U.S.C. § 506(c) and the enhancement of collateral provisions of 11 U.S.C. § 552 shall not be imposed upon Bank or any of the Collateral, the Cash Collateral, or proceeds thereof, and any and all such claims are hereby waived by Debtor and its estate.

6.      Termination. Notwithstanding anything herein, Debtor shall no longer be authorized to use Cash Collateral or the Collateral (and consent to the use of Cash Collateral shall be terminated) from and after the date that is five (5) business days after receipt by Debtor of a written notice ("*Termination Date*"), which notice shall describe the applicable Termination Event (as hereinafter defined) and specify Debtor's noncompliance ("*Termination Notice*") (with a copy to the Office of the United States Trustee or if appointed, the Committee (as hereinafter

defined)) of the occurrence and continuance of any of the following events (any such event, a "*Termination Event*"):

(a) non-compliance by Debtor with any of the terms or provisions of the Budget or this Final Order;

(b) from and after the Petition Date, cash receipts are less than as projected in the Budget;

(c) from and after the Petition Date, disbursements are more than as projected in the Budget;

(d) the earliest to occur of the following ("*Maturity Date*"): (i) 5:00 p.m. on July 31, 2009; (ii) the entry of an order pursuant to 11 U.S.C. § 363 approving the sale of substantially all of Debtor's assets; (iii) conversion of this chapter 11 case to a case under chapter 7 of the Bankruptcy Code; (iv) dismissal of this chapter 11 case; (v) entry of any order pursuant to 11 U.S.C. § 364 authorizing Debtor to obtain credit; (vi) the appointment of a trustee or an examiner in this case; and (vii) the automatic stay is lifted as to any party in order to permit foreclosure on the Collateral.

7. Rights Upon Termination. Subject to Debtor's continuing right to ~~motion~~ move the Court for further use of Cash Collateral after notice and a hearing, on the Termination Date, (a) Debtor's use of Cash Collateral shall automatically terminate, (b) Bank shall be entitled to an order from the Court terminating the automatic stay, which order may be entered by the Court after first giving five (5) business days' written notice to Debtor, its counsel of record and the Office of the United States Trustee (or if appointed, the Committee (as hereinafter defined)); and (c) Debtor's exclusive periods to file and solicit a plan of shall be terminated as to Bank. Debtor agrees that Bank shall be entitled to an expedited hearing as soon as the Court's schedule will

6

allow after shortened notice is given with respect to the vacation of the automatic stay and for an order authorizing other appropriate relief. Debtor consents to service of any notice or motion relative to the vacation of the automatic stay upon its counsel of record in this case. Notwithstanding the foregoing, Bank shall be entitled to an immediate hearing in the event they allege fraud or other imminent danger to any of its Collateral. Notwithstanding the occurrence of the Termination Date or anything herein to the contrary, all of the rights, remedies, benefits, and protections provided to Bank under this Final Order shall survive the Termination Date. On the Termination Date, the Indebtedness shall be immediately due and payable and Bank shall have all other rights and remedies provided in the Loan Documents. Bank shall be entitled to apply the payments or proceeds of the Collateral in accordance with the provisions of this Final Order, and in no event shall Bank be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the Collateral or otherwise.

8. <u>Limitations on Cash Collateral Use</u>. No proceeds of the Collateral shall be used for the purpose of (a) objecting to or contesting in any manner the validity, extent, perfection, priority or enforceability of the Indebtedness, or any liens or security interests with respect thereto (but not including any investigation relating thereto), (b) selling any of the Collateral outside the ordinary course of business absent subsequent final, non-appealable order(s) of this Court; or (c) modifying the rights of Bank under this Final Order.

9. <u>Certain Reporting Requirements</u>. Debtor shall observe and timely comply with the financial/monthly operating reporting requirements under the Bankruptcy Code and the Local Rules of the Bankruptcy Court. In addition, from and after the date hereof, Debtors shall provide Bank and its counsel of record, by the close of business on the 3rd and 17th day of each month, the following verified information for the immediately preceding half-month period (i.e., June 15

– 30 on July 3rd; July 1-15 on July 17th; July 16-31 on Aug 3rd): (i) a report of all cash receipts by Debtor (showing the date, amount, source and purpose for each); (ii) a list of all disbursements by Debtor (showing the date, amount, payee and purpose for each); and (iii) copies of all confirmed orders to purchase goods from Debtor.

10.    <u>Execution of Documents</u>. All liens granted herein to secure repayment of the Adequate Protection Obligations shall, pursuant to this Final Order be, and they hereby are, deemed perfected, and no further notice, filing or other act shall be required to effect such perfection.

11.    <u>Access to Debtor</u>. Debtor shall permit representatives, agents, and/or employees of Bank to have reasonable access, upon reasonable prior notice, to its premises and records during normal business hours and shall cooperate, consult with, and provide to such persons all such non-privileged information as they may reasonably request.

12.    <u>Successors</u>. This Final Order shall be binding upon all parties in interest, including, without limitation, Debtor and its respective successors and assigns (including any trustee or other fiduciary hereafter appointed as a legal representative of Debtor or with respect to the property of its estate), any Official Committee of Unsecured Creditors that may be appointed in this chapter 11 case ("*Committee*"), Debtor's creditors, and any other statutory committees appointed in this case.

13.    <u>Subsequent Reversal</u>. In the event any or all of the provisions of this Final Order are hereafter modified, amended, or vacated by a subsequent order of this or any other Court, no such modification, amendment, or vacation shall affect the validity and enforceability of any lien or priority authorized or created hereby. Notwithstanding any such modification, amendment, or vacation, any claim or lien granted to Bank hereunder arising prior to the effective date of such

8

modification, amendment, or vacation shall be governed in all respects by the original provisions of this Final Order, and Bank shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein, with respect to any such claim.

14.   <u>No Waiver of Rights</u>.  Notwithstanding anything to the contrary herein, this Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair: (a) any of the rights of Bank under the Bankruptcy Code or under non-bankruptcy law; or (b) any other rights, claims, or privileges (whether legal, equitable, or otherwise) of Bank.  The rights and obligations of Debtor and the rights, claims, security interests, liens, and priorities of Bank arising under this Final Order are in addition to, and not in lieu or substitution of, the rights, obligations, claims, security interests, liens, and priorities of Bank granted under the Loan Documents.

15.   <u>Status Hearing</u>.  This matter is set for a status hearing on  July 28 , 2009, at ) psh 10:30 a.m. .

###

Dated: _____, 2009.          ENTERED:

                                  _____
                                  UNITED STATES BANKRUPTCY JUDGE

                                  JUN 2 5 2009

This Final Order is approved and agreed to as to substance and form:

**TY MILES INCORPORATED**

By: _____
     One of its attorneys

David P. Leibowitz
Lakelaw
420 W. Clayton Street
Waukegan, IL 60085
847-249-9100
dleibowitz@lakelaw.com

**FIRST CHICAGO BANK & TRUST**

By: _____
     One of its attorneys

Jeff Chadwick
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661
312-902-5318
jeffrey.chadwick@kattenlaw.com

10

## EXHIBIT A

## FINAL ORDER BUDGET

**Period: May 11, 2009 – June 25, 2009**

Actual Receipts (thru 6/16/09)      77000

Expenses

| | |
|---|---:|
| Materials | 10000 |
| Payroll | 30000 |
| Taxes | 8000 |
| Insurance | 7500 |
| Utilities | 8000 |
| Leasing | 200 |
| Garbage | 400 |
| Other | 3500 |
| Rent | <u>73600</u> |
| **Total** | **73600** |

Projected Net Income       3400

**Period: June 26, 2009 – July 31, 2009**

Anticipated Receipts (thru 7/31/09)   110000    (Based on jobs booked as of June 16, 2009)

Projected Expenses

| | |
|---|---:|
| Materials | 22000 |
| Payroll | 30000 |
| Taxes | 8000 |
| Insurance | 7500 |
| Utilities | 8000 |
| Leasing | 200 |
| Garbage | 400 |
| Other (freight; supplies; misc.) | 3500 |
| Accounting (bookkeeping, etc.) | 5000 |
| Sales Commissions | 5000 |
| Rent | 6000 |
| US Trustee Fees (2Q 09) | 975 |
| Bank Interest (5/11 – 7/31/09) | 3242 |
| Bank Expenses (5/11 - 7/31/09) | TBD |
| **Total** | **99817** |

Projected Net Income       10183

11